1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                           **DISTRICT OF NEVADA**
8
9  IN RE APPLICATION OF: BECTON    )    3:15-cv-00233-HDM-WGC
   DICKINSON GmbH AND BECTON       )
10 DICKINSON AUSTRIA GmbH FOR THE  )
   TAKING OF THOMAS C. KURACINA'S  )    ORDER
11 DEPOSITION AND FOR THE PRODUCTION)
   OF DOCUMENTS FROM THOMAS C.     )
12 KURACINA AND INJECTIMED INC., FOR)
   USE IN A FOREIGN PROCEEDING UNDER)
13 28 U.S.C. § 1782(a)             )
   _____)
14

15      Before the court is petitioner Becton Dickinson GmbH and
16 Becton Dickinson Austria GmbH's ("Becton Dickinson") motion to
17 reconsider (#34). Respondent Thomas C. Kuracina and Injectimed,
18 Inc. ("Kuracina") filed an opposition (#36).
19      On July 21, 2015, following oral argument on respondent's
20 motion to quash (#8), the court issued an order that, in part,
21 granted a blanket protective order permitting Kuracina to designate
22 sensitive documents and restricting their disclosure or further use
23 beyond this action. On August 14, 2015, Becton Dickinson filed an
24 emergency motion to de-designate documents marked confidential
25 (#14). Due to the unusual nature of the case the court directed
26 Kuracina to file his response on an expedited basis. The court
27 denied the motion on August 19, 2015 (#32). Becton Dickinson moves
28 the court to reconsider that order.

                                    1

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). Reconsideration of a prior order "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The Ninth Circuit has also instructed that "[t]here may be other, highly unusual, circumstances warranting reconsideration." *Id.* Reconsideration of a prior order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

The court finds that such unusual circumstances exist in this case. To facilitate the consideration of the emergency motion (#14), Becton Dickinson did not have an opportunity to file a reply to Kuracina's response to the motion. In his response, Kuracina articulated those portions of the documents Becton Dickinson sought to de-designate that Kuracina argued should remain subject to the court's blanket protective order. Becton Dickinson now seeks to respond to Kuracina's concerns for confidentiality, as articulated in his response, by de-designating only those portions of the exhibits not objected to by Kuracina's response and redacting all other portions of the exhibits.

The court concluded in its August 19, 2015, order, that "[Becton Dickinson] has made an insufficient showing that the need for discovery of *all of the material* contained in the subject documents outweighs [Kuracina]'s need for confidentiality." (#32 at

2

2:3-6) (emphasis added). Due to the nature of the case and the truncated briefing schedule, the court was unable to consider any reply Becton Dickinson may have had to address the concerns of Kuracina as expressed in Kuracina's response brief, and which the court might expect to see in a reply brief. The court was mindful of the potential issue when it referred to the need for "all of the material" contained in the documents in balancing the need for discovery against the need for confidentiality.

After reviewing the contents of Exhibit A, submitted with the motion for reconsideration, and which redacts those portions of the documents which Kuracina argued should remain confidential in his answering brief, the court is persuaded that the interests of justice are best served by granting the motion for reconsideration. Accordingly, the motion for reconsideration (#34) is **GRANTED**; the documents in redacted form as set forth in Becton Dickinson's motion for reconsideration shall be de-designated and removed from the blanket protective order of the court. Kuracina's request for attorneys' fees is denied.

IT IS SO ORDERED.

DATED: This 4th day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE